United States Courts
Southern District of Texas
ENTERED

OCT 2 7 2005

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| and AYMARA CASTRO, | § § | |
| Plaintiff-Intervenor | § § | |
| v. | § § | CIVIL ACTION NO. H-04-3809 |
| PLANNED PARENTHOOD OF HOUSTON AND SOUTHEAST TEXAS, INC., | § § § | |
| Defendant. | § § § | |

## CONSENT DECREE

The Plaintiff, Equal Employment Opportunity Commission (the "Commission" or "EEOC"), alleges in this suit that from 2002 to April 2003, Defendant Planned Parenthood of Houston and Southeast Texas, Inc., ("Defendant") subjected Aymara Castro to unlawful sexual harassment and to disparate terms, conditions and privileges of employment because of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1) ("Title VII"). The EEOC alleges that Defendant failed to take corrective action to stop the harassment and retaliated against her for engaging in protected activity.

Defendant answered the Complaint, and denied liability and specifically denied engaging in any discriminatory employment practices. Neither this Consent Decree nor the furnishing of any payment to any individual claimant by the terms of this Consent Decree shall be construed as an admission by Defendant of any liability of unlawful conduct. To the contrary, Defendant denies that it is any way liable to the EEOC or any individual claimant.

In the interests of resolving this matter, to avoid the costs of litigation, and as a result of having engaged in extensive negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree.

The parties stipulate to the jurisdiction of the Court and waive a hearing and the entry of findings of fact and conclusions of law.

IT IS THEREFORE ORDERED:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or contained in EEOC Charge No. 330-2003-01666, and Civil Action No. H-04-3809. This Consent Decree constitutes a complete resolution of all claims that were made by the Commission against Defendant in this action. This Consent Decree constitutes the complete and exclusive agreement between the Parties with respect to the matters referred to herein. No representation or inducement to compromise this action have been made, other than those recited or referenced in this Consent Decree. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by the Parties to this Consent Decree and approved or ordered by the Court.

## INJUNCTIVE RELIEF

2. Defendant shall not discriminate against any employee or applicant for employment because of his or her sex.

3. Defendant is enjoined from creating, facilitating or permitting the existence of a work environment that is hostile to any employee through acts such as physical/verbal abuse and derogatory comments, on the basis of sex.

4. Defendant is enjoined from discriminating or retaliating in any manner against any individual because he or she has made a charge, testified, assisted, or participated in any manner in the investigation by the Commission or court proceeding in connection with this case.

## MONETARY RELIEF

5.  Defendant agrees to pay the total sum of $40,000, minus applicable withholding taxes to Aymara Castro and her attorney, Thad Whisenant. This payment will be made within ten (10) days from the entry of this Consent Decree or the individual's execution and delivery to Defendant of a standard release of claims, whichever is later. A copy of the check will be mailed to the EEOC within ten (10) days from the entry of this Consent Decree or the individuals' standard release of claims, whichever is later at the following address: Rudy L. Sustaita, EEOC Houston District Office, 7th Floor, Houston, Texas 77002.

## TRAINING

6.  Defendant shall provide live, in-person Equal Employment Opportunity ("EEO") training to its managers, supervisors and other employees regarding employment discrimination, including, but not limited to the illegality of sexual harassment, and gender-based employment decisions. All participants shall be required to sign a registry upon completion of the training. The training shall be conducted within 90 days of the entry of this Decree, and shall be conducted annually at or near the anniversary of the first session.

7.  The training portion on sexual harassment shall (i) explain that sexual harassment is unlawful; (ii) instruct what conduct may constitute sexual harassment; (iii) explain the damaging effects of sexual harassment on its victims, their families, their co-workers, and the workplace environment; and (iv) ensure that Defendant knows how to enforce its sexual harassment policy;

8.  The agenda, the teaching materials and the name of the trainer shall be submitted to the EEOC for approval prior to the training. The EEOC shall then have fourteen (14) business days from the date of receipt of the information to accept or reject the contents of the topic outline. In the event that EEOC does not approve Defendant's materials or trainer, Defendant shall have ten (10) business days to submit a revised outline and new trainer.

9. Following the training, Defendant shall notify the EEOC of the training by indicating when and where the training took place, the duration of the training, and the identity of the trainers and the attendees. A copy of the registry shall be submitted to the EEOC as part of Defendant's reporting obligations. Reports of the training shall be submitted to the EEOC no more than 14 days following the training. The notification or report shall be submitted to the EEOC at the following address: Rudy L. Sustaita, EEOC Houston District Office, 7th Floor, Houston, Texas 77002.

### SEXUAL HARASSMENT POLICY

10. Within ninety (90) days from the entry of this Decree, Defendant shall adopt a sexual harassment policy that meets the following criteria:

States that Defendant: (i) prohibits discrimination against any employee on the basis of sex in violation of Title VII; (ii) prohibits any act, policy or practice that has the effect of harassing or intimidating any employee on the basis of sex in violation of Title VII; (iii) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to any employee through acts such as physical/verbal abuse and derogatory comments based on sex in violation of Title VII; (iv) defines and provides examples of sexual harassment; (v) provides a simple, convenient, confidential and reliable mechanisms for reporting incidents of sexual harassment; (vi) provides for prompt investigation of sexual harassment complaints and for prompt action, which is appropriate and effective, to remedy the discrimination; (vii) imposes a duty on all Defendant's officers, managers, and supervisory personnel to actively monitor all work areas to ensure compliance with Defendant's sexual harassment policy; (viii) encourages all Defendant's employees to report any incident and/or complaint of sexual harassment of which they become aware to the person(s) responsible for handling such complaints; provides that all complaints of sexual harassment shall be reduced to writing by the company's human resources department and maintained by such department; (ix) provides that upon the conclusion of Defendant's investigation, the results of the investigation

and the remedial actions taken or proposed will be promptly communicated in writing to the complaining party; (x) provides for substantial and progressive discipline for violating Defendant's sexual harassment policy up to and including discharge; (xi) requires that all employees report incidents of sexual harassment to the person(s) identified by Defendant as the person(s) charged with the responsibility for investigating discrimination complaints, and that Defendant provide his or her full name, address and telephone number; (xii) provides that following every sexual harassment investigation, the human resources department shall make a recommendation about a sexual harassment complaint with a corresponding explanation, and that such recommendation/explanation shall be communicated to the complainant and to the accused; (xiii) provides that the recommendation the of the human resources official shall be followed by the Company unless overruled by higher management authority, in which case the overruling official shall state his reasons in writing and such reasons shall be communicated to both the accuser and the complainant; (xiv) provides that all complaints, reports, recommendations, and overrulings (if any) related to sexual harassment shall be placed in personnel file of the person accused of sexual harassment; (xv) provides assurances that complainants shall not be subjected to intimidation, harassment and/or retaliation; and (xvi) informs the complainant of his or her right to file charges with the EEOC; (xvii) provides the address and telephone number of the EEOC's nearest office.

## REPORTING REQUIREMENTS

11. Regarding sexual harassment complaints, all such complaints, reports, recommendations, and overrulings, (if any) shall be placed in a file that the EEOC may periodically review to determine compliance with this Decree. In addition, all notes, memos, emails, etc. regarding a complaint of sexual harassment–including investigations, reports and recommendations--shall be maintained by the company so that the EEOC may periodically review to determine compliance with this Decree.

12. The Company shall allow the EEOC to inspect the personnel file of a person accused of sexual harassment to determine compliance with this Decree.

## POSTING REQUIREMENT

13. Within fourteen (14) business days after entry of this Decree, Defendant shall post copies of the Notice attached as Exhibit "A" to this Decree at all its Houston facilities in conspicuous locations easily accessible to and commonly frequented by employees. The Notice shall remain posted for the duration of this Decree. Defendant shall ensure that the postings are not altered, defaced or covered by any other material. Defendant shall certify to the EEOC in writing within Fourteen (14) business days after entry of the Decree that the Notices have been properly posted. Defendant shall permit a representative of EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours.

14. The EEOC, and Defendant shall bear their own costs and attorney's fees.

15. This Consent Decree shall remain in effect for three years from its entry.

Signed on this 27th day of October 2005 at Houston, Texas.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

2478566_1.DOC